**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LUKE RYAN, | ) | CASE NO. 3:23-CV-01852-CEF |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES ESQUE FLEMING |
| | ) | |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| WARDEN JAY FORSHEY, | ) | CARMEN E. HENDERSON |
| | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant, | ) | |

**I.    Introduction**

Petitioner, Luke Ryan, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Ryan is an Ohio prisoner who is currently serving an aggregate sentence of eight years for sexual battery and tampering with evidence and five years of post-release control upon his release. Ryan asserts two grounds for relief. (ECF No. 4). Respondent, State of Ohio, filed a return of writ on January 19, 2024. (ECF No. 11). Ryan filed a traverse on April 10, 2024. (ECF No. 13). On April 12, 2024, Respondent filed a reply to the traverse. (ECF No. 14).

This matter was referred to me under Local Rule 72.2 to prepare a report and recommendation on Ryan's petition and other case-dispositive motions. Because Ryan presents only procedurally defaulted and not cognizable claims, I recommend that the Court deny his petition in its entirety and not grant him a certificate of appealability.

**II.    Background**

The Ohio Court of Appeals for the Sixth Appellate District set forth the following background on direct appeal:

1

{¶ 2} On October 24, 2019, Ryan was indicted on three counts of sexual battery in violation of R.C. 2907.03(A)(7) and (B), a high-tier felony of the third degree, in case No. 2019-CR-233. The charges arose from incidents in 2014 and 2015, when Ryan had sexual encounters with a student while employed as a teacher at Genoa High School. Police had collected evidence of the incidents, including documentation from the hotel where one of the incidents occurred. Ryan entered a not guilty plea at arraignment on November 6, 2019.

{¶ 3} While the sexual battery charges were pending, and 6 years after the incident at the hotel, Ryan attempted to dispute the check-in times with the hotel and he initiated a dispute with his bank over charges linked to the hotel stay. On July 12, 2021, Ryan was charged by a bill of information with one count of tampering with evidence in violation of R.C. 2921.12(A)(1),(2) and (B), a felony of the third degree, in case No. 21-CR-138.

{¶ 4} On July 23, 2021, Ryan withdrew his not guilty plea and entered a plea of guilty to count two of case No. 2019-CR-233, sexual battery in violation of R.C. 2907.03(A)(7) and (B), a high-tier felony of the third degree, and to the sole count in case No. 2012-CR-138, tampering with evidence in violation of R.C. 2921.12(A)(1),(2) and (B), a felony of the third degree. The trial court accepted the plea, and continued sentencing pending a presentence investigation and report.

{¶ 5} On September 10, 2021, the trial court held a combined sentencing hearing for case Nos. 2019-CR-233 and 2021-CR-138. The trial court determined Ryan to be a Tier III sex offender, notified him of his registration requirements, and imposed a prison term of 60 months as to count two, sexual battery, in case No. 2019-CR-233. As to the sole count in case No. 2021-CR-139, tampering with evidence, the trial court imposed a prison term of 36 months. After addressing the R.C. 2929.14(C) findings, the trial court ordered the two prison terms to be served consecutively. Counts 1 and 3 in case No. 2019-CR-233 were dismissed pursuant to the plea agreement.

*State v. Ryan*, 2022-Ohio-1888, ¶¶ 2-5, *appeal not allowed,* 2022-Ohio-3135, ¶¶ 2-5, 167 Ohio St. 3d 1513, 194 N.E.3d 382.[1]

## III. Direct Appeal

Ryan, through new counsel, filed a timely appeal of the judgment, and asserted the following errors for review:

---

[1] The facts found by the appellate court of record "shall be presumed to be correct," and the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

1. The trial court erroneously failed to comply with Crim.R. 11(C)(2)(a) by not personally determining that Luke Ryan's plea was made with an understanding of the nature of the charges.

2. The court below erred in imposing consecutive sentences when the record shows that this was disproportionate to any supposed "danger" that Luke Ryan poses "to the public" at large after serving concurrent prison terms of five and three years.

(ECF No. 11-1, Ex. 18 at PageID #: 145). The State filed a responsive brief. (*Id.,* Ex. 19). Ryan filed a reply to the State's brief. (*Id.,* Ex. 20). On June 3, 2022, the Court of Appeals affirmed the judgment of the trial court. *Ryan*, 2022-Ohio-1888, ¶36.

## IV. Appeal to the Ohio Supreme Court

Ryan, through his appellate counsel, filed a timely appeal of the Court of Appeals' decision to the Ohio Supreme Court. (ECF No. 11-1, Ex. 22). In his jurisdictional memorandum, Ryan asserted the following sole proposition of law:

> Consecutive sentences are prohibited by the disproportionately (sic) test codified in R.C. 2929.14(C)(4) unless the record affirmatively supports these distinct findings: (1) the offender's past conduct was so serious that consecutive sentences are not disproportionate to the seriousness of the conduct, (2) the offender would in fact pose a prospective danger "to the public" during the timeframe of potential consecutive sentences starting after the day the offender would otherwise be released if concurrent sentences were imposed, and (3) the consecutive sentences are not disproportionate to the level of danger the offender would pose to the public in that timeframe.

(*Id.,* Ex. 23). The State waived a response. (*Id.,* Ex. 24). On September 13, 2022, the Ohio Supreme Court declined to accept jurisdiction of the appeal pursuant to Ohio S. Ct. Prac. R. 7.08(B)(4). (*Id.,* Ex. 25).

## V. Federal Habeas Corpus Petition

Ryan, *pro se*, filed the instant petition for a writ of habeas corpus that was received by the court on September 25, 2023. His grounds for relief are as follows:

> **GROUND ONE**: Trial Court failed to comply with (Crim. R. 11(C)(3)(b)) by not personally determining that I, Luke Ryan's plea was made with understanding of charges.

3

> **Supporting Facts**: When Judge Winters asked if I understood both Plea and Charges – I stated "Not Really" My attorney Merl Dech said he would explain all at a later time and go over the charges and the plea agreement and that I should just accept. My attorney stated the facts of the case and what I was pleaing and asked if I accept and I agreed. No understanding why no evidence was given as for the "Tampering with Evidence" as I was asking the hotel a policy question on check in policy stated on the company's website so I was "Tampering" because I asked for the policy? This along with the battery was not understood.
>
> **GROUND TWO**: The court erred in imposing consecutive sentences when the records show this was disproportionate, to any supposed "danger" that I would pose "to the public" at large and should be serving concurrent terms.
>
> **Supporting Facts**: Having given up my teaching license and not working with any minors on the form or my spray business. Having no other interactions with minors. Scoring low on my ORAS-a2 and was stated at Bond hearing by Judge Winters that I possessed no threat to the community so I was released on a OR bond and followed all rules and regulations for the entry time-almost 2 years. Having no other prior convictions or allocations. I was extorted for a better grade by the victims Mother & Brother because of the relationship which was in the evidence documents and demonstrated I did have remorse as I changed the grade. Also Judge Winters showed bias as he was on probation for violating his duties as a Judge yet gave maximum to me.

(ECF No. 4, PageID #: 6,8).

## VI. Legal Standards

### A. Jurisdiction

Title 28 U.S.C. § 2254(a) authorizes district courts to entertain an application for a writ of habeas corpus "on behalf of a person in custody pursuant to the judgment of a State court." A state prisoner may file a § 2254 petition in the "district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d). The Court of Common Pleas of Ottawa County sentenced Ryan, and Ottawa County is within this Court's geographic jurisdiction. Accordingly, this Court has jurisdiction over Ryan's § 2254 petition.

### B. Cognizable Federal Claim

4

Under 28 U.S.C. § 2254(a), a state prisoner may challenge his custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A petitioner's claim is not cognizable on habeas review if it "presents no federal issue at all." *Bates v. McCaughtry*, 934 F.2d 99, 101 (7th Cir. 1991). Thus, "errors in application of state law … are usually not cognizable in federal habeas corpus." *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007) (citing *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983)); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions."). A federal habeas court does not function as an additional state appellate court; it does not review state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988) (citing *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987)). Instead, "federal courts must defer to a state court's interpretation of its own rules of evidence and procedure" in considering a habeas petition. *Id.* (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)).

### C. Procedural Default

Procedural default occurs when a habeas petitioner fails to obtain consideration of a federal constitutional claim by state courts because he failed to: (1) comply with a state procedural rule that prevented the state courts from reaching the merits of the petitioner's claim; or (2) fairly raise that claim before the state courts while state remedies were still available. *See generally Wainwright v. Sykes*, 433 U.S. 72, 80, 84-87 (1977); *Engle v. Isaac*, 456 U.S. 107, 125 n.28, 102 S. Ct. 1558, 71 L. Ed. 2d 783 (1982); *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). In determining whether there has been a procedural default, the federal court again looks to the last explained state-court judgment. *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991); *Combs v. Coyle*, 205 F.3d 269, 275 (6th Cir. 2000). When a state court declines to address a prisoner's federal claims because the prisoner failed to meet a state procedural requirement, federal habeas review is

5

barred as long as the state judgment rested on "independent and adequate" state procedural grounds. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). To be independent, a state procedural rule and the state courts' application of it must not rely in any part on federal law. *Id*. at 732-33. To be adequate, a state procedural rule must be "'firmly established' and 'regularly followed'" by the state courts at the time it was applied. *Beard v. Kindler*, 558 U.S. 53, 60-61 (2009).

A petitioner procedurally defaults a claim by failing to "fairly present" the claim in state court when he does not pursue that claim through the state's "'ordinary appellate review procedures,'" and, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim. *Williams*, 460 F.3d at 806 (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *see also Baston v. Bagley*, 282 F. Supp. 2d 655, 661 (N.D. Ohio 2003) ("Issues not presented at each and every level [of the state courts] cannot be considered in a federal habeas corpus petition."). Under these circumstances, while the exhaustion requirement is technically satisfied because there are no longer any state-court remedies available to the petitioner, the petitioner's failure to have the federal claims fully considered in the state courts constitutes a procedural default of those claims, barring federal habeas review. *Williams*, 460 F.3d at 806 ("Where state court remedies are no longer available to a petitioner because he or she failed to use them within the required time period, procedural default and not exhaustion bars federal court review."); *see also Gray v. Netherland*, 518 U.S. 152, 161-62 (1996) ("Because the exhaustion requirement 'refers only to remedies still available at the time of the federal petition,' . . ., it is satisfied 'if it is clear that [the habeas petitioner's] claims are now procedurally barred under [state] law' . . . ." (internal citations omitted)).

Furthermore, to "fairly present" a claim to a state court, a petitioner must assert both its legal and factual basis. *Williams*, 460 F.3d at 806 (citing *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). Most importantly, a "'petitioner must present his claim to the state

6

courts as a federal constitutional issue – not merely as an issue arising under state law.'" *Id*. (quoting *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984)). A petitioner can overcome a procedural default by demonstrating cause for the default and actual prejudice that resulted from the alleged violation of federal law, or that there will be a "fundamental miscarriage of justice" if the claim is not considered. *Coleman*, 501 U.S. at 750. "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot be fairly attributed to him." *Id*. "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id*. "A fundamental miscarriage of justice results from the conviction of one who is 'actually innocent.'" *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)); *Williams v. Bagley*, 380 F.3d 932, 973 (6th Cir. 2004) ("The 'fundamental miscarriage of justice' gateway is open to a petitioner who submits new evidence showing that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.' " (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995))).

**VII. Discussion**

    **A.    Ground One**

In Ground One, Ryan asserts that the trial court erred during his change of plea by not personally determining his plea was made with understanding of charges in violation of Crim. R. 11(C)(3)(b). (ECF No. 4, PageID #: 6). Respondent argues that Ground One is both procedurally defaulted and not cognizable on habeas review. (ECF No. 11 at 14, 16). Ryan does not address Respondent's argument that Ground One is procedurally defaulted in his Traverse. (*See* ECF No. 13).

Ryan initially raised Ground One in his direct appeal. (*See* ECF No. 11-1). However, Ryan did not raise the issue in his appeal to the Ohio Supreme Court. Accordingly, Ground One is

7

procedurally defaulted because Ryan did not exhaust it by presenting it to the Ohio Supreme Court. *Dunn v. May*, No. 22-3300, 2022 WL 18283459, at *4 (6th Cir. Oct. 4, 2022) (citing *O'Sullivan*, 526 U.S. at 839-40).

Ryan has not argued cause and prejudice or manifest miscarriage of justice to excuse his procedural default. (*See* ECF No. 13).

Accordingly, this Court recommends dismissing Ground One as it is procedurally defaulted.

Having determined that Ground One is procedurally defaulted, the Court need not analyze Respondent's argument that Ground One is also not cognizable.[2]

## B. Ground Two

In Ground Two, Ryan challenges the trial court's decision to sentence him to consecutive sentences. (ECF No. 4, PageID #: 8). Respondent argues that Ground Two is not cognizable on habeas review as it is a matter of state law. (ECF No. 11 at 25). In his Traverse Ryan seemingly restructures Ground Two in an attempt to raise a federal constitutional issue. (*See* ECF No. 13 ("Ground Two: The Trial Court erred in imposing consecutive sentences as it did so in contravention of the Fifth and Sixth Amendments to the U.S. Constitution and because it relied on unconstitutional provisions in the sentencing statute.")).

Ryan first raised Ground Two on direct appeal and then in his discretionary appeal to the Ohio Supreme Court, which declined jurisdiction. (*See* ECF Nos. 28, 23, 25). Because the petitioner alleges only that the trial court erred in its application of state sentencing law, Ground

---

[2] In his Traverse, Ryan seemingly alters the language of Ground One ostensibly in an attempt to create a cognizable federal issue. (*See* ECF No. 13 at 3 ("Ground One: The trial court erroneously failed to comply with Crim.R. 11(C)(2)(a) by not personally determining that Ryan's plea was made with an understanding of the nature of the charges which violated both the United States Constitution under Due Process of the 5th amendment and Ohio Constitution.")). Nevertheless, this does not cure Ryan's procedural default of Ground One. *Williams*, 460 F.3d at 806;

8

Two is not cognizable on habeas review. *See Estelle,* 502 U.S. at 67–68 (emphasizing that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *Pulley v. Harris,* 465 U.S. 37, 41 (1984) (recognizing that "[a] federal court may not issue the writ on the basis of a perceived error of state law."); *see also Daniels v. Anderson*, No. 3:08cv697, 2009 WL 5219036, at *6 (N.D. Ohio Dec. 31, 2009) (finding that a habeas claim that the state trial court erred by imposing consecutive sentences was not cognizable absent an attendant constitutional claim).

In his Traverse, Ryan argues for the first time that his consecutive sentence runs afoul of the Fifth and Sixth Amendments to the United States Constitution. (*See* ECF No. 13 at 5). In both his direct appeal and his discretionary appeal to the Ohio Supreme Court, Ryan relied solely on state law in his argument that the trial court erred in sentencing him to consecutive sentences. (*See* ECF No. 11-1, Exs. 18, 23). Indeed, the Court of Appeals' decision reviewed the issue solely as a matter of state law. *Ryan*, 2022-Ohio-1888, ¶¶ 25-35. Ryan did not assert any federal constitutional claim until his Traverse in response to Respondent's Return of Writ. "Arguments raised for the first time in a Traverse are not properly presented to the district court and are deemed waived." *Coats v. Sheldon*, No. 3:11CV1017, 2012 WL 7037778, at *7 n.2 (N.D. Ohio Aug. 20, 2012), report and recommendation adopted, No. 3:11CV1017, 2013 WL 474721 (N.D. Ohio Feb. 7, 2013)

(citing *Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005) (additional citations omitted)).[3] Accordingly, Ryan waived any argument regarding a federal constitutional claim in Ground Two by failing to raise it until his Traverse.

Setting aside that such a claim has never been reviewed by the state courts, "[a] violation of state law is not cognizable in federal habeas corpus unless such error amounts to a fundamental miscarriage of justice or a violation of the right to due process ...." *Cristini v. McKee*, 526 F.3d 888, 897 (6th Cir. 2008). Ryan presents no facts, and there is no evidence in the record, to demonstrate that the imposition of consecutive sentences here "amount[ed] to a fundamental miscarriage of justice or a violation of due process." *Id.* Moreover, the imposition of consecutive sentences as authorized by state law does not, by itself, amount to a constitutional violation. *See Oregon v. Ice*, 555 U.S. 160, 169–69 (2009) (holding that the imposition of consecutive sentences does not implicate constitutional concerns under the Sixth Amendment); *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (internal quotation marks and citation omitted) (holding that "a sentence within the statutory maximum set by statute generally does not constitute cruel and unusual punishment"); *Sneed v. Donahue*, 993 F.2d 1239, 1244 (6th Cir. 1993) (holding that a

---

[3] Similarly, in his petition Ryan raised for the first time in the supporting facts of Ground Two that "Also Judge Winters showed bias as he was on probation for violating his duties as a Judge yet gave maximum to me." (ECF No. 4, PageID #: 8). Respondent did not address this single sentence in the Return of Writ. (ECF No. 11). However, Ryan elucidated on this sentence further in his Traverse. (*See* ECF No. 13). Respondent then replied to the argument stating that it was unexhausted as Ryan had failed to raise it in the State court and, alternatively, the argument was waived by raising it first his Traverse. (ECF No. 14). Respondent is correct that Ryan failed to raise this issue in the State court. (*See* ECF No. 11-1, Exs. 18, 23). Accordingly, this argument is procedurally defaulted. *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001); *Howard v. Tibbals*, No. 1:12 CV 1661, 2014 WL 201481, at *13 (N.D. Ohio Jan. 17, 2014) ("In circumstances where the petitioner has failed to present a claim in state court, a habeas court may deem that claim procedurally defaulted because the Ohio state courts would no longer entertain the claim.").

claim challenging the state prisoner's aggregate prison sentence "involves a matter of state law," which "is not cognizable in a federal habeas corpus proceeding").

Accordingly, Ground Two should be dismissed as not cognizable on habeas review.

### VIII. Certificate of Appealability

#### A. Legal Standard

A habeas petitioner may not appeal the denial of his application for a writ of habeas corpus unless a judge issues a certificate of appealability and specifies the issues that can be raised on appeal. 28 U.S.C. § 2253(c) ("A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right."). The "'petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The granting of a certificate of appealability does not require a showing that the appeal would succeed on any claim. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

#### B. Analysis

Ryan's grounds for relief are not cognizable and procedurally defaulted. If the Court accepts the foregoing recommendation, then Ryan has not made a substantial showing of a denial of a constitutional right. He would then not be entitled to a certificate of appealability. Thus, I recommend that the Court not issue a certificate of appealability.

### IX. Recommendation

Ryan has presented only not cognizable and procedurally defaulted claims. Thus, I recommend that the Court deny his petition in its entirety and not grant him a certificate of appealability.

DATED: June 3, 2024

                                       *s/Carmen E. Henderson*
                                       Carmen E. Henderson
                                       United States Magistrate Judge

---

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530-31 (6th Cir. 2019).